LAW OFFICES
# J. ANDREW COOMBS
A PROFESSIONAL CORPORATION
517 EAST WILSON AVENUE, SUITE 202
GLENDALE, CALIFORNIA 91206-5902
TELEPHONE (818) 500-3200
FACSIMILE (818) 500-3201

**DISCOVERY MATTER**

**SUBMITTED PURSUANT TO JUDGE'S STANDING ORDER OF OCTOBER 26, 2010[1]**

February 21, 2012

The Honorable Susan Illston
United States District Court,
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    **Adobe Systems Incorporated v. Renee Norwood, et al.**
               **Case No.: CV10-3564 SI**

Dear Judge Illston:

      On or about November 22, 2011, Plaintiff/Counter-Defendant Adobe Systems Incorporated ("Adobe") and Third-Party Defendant Software & Information Industry Association ("SIIA") separately served Requests for Admission, Interrogatories, and Requests for Production on Defendant Renee Norwood a/k/a Liza Renee Norwood a/k/a Liza Norwood a/k/a Liza Bynum a/k/a Renee Bynum ("Defendant"). Defendant's responses were due on or before December 24, 2011. No responses were received.

      On or about January 3, 2012, Adobe and SIIA sent to Defendant a letter noting her wholesale failure to respond to discovery and noting that the Requests to Admission had effectively been admitted. On or about January 11, 2012, counsel for Adobe and SIIA met in person with Defendant to confer regarding Defendant's discovery default, pursuant to L.R. 37-1. Counsel for Adobe and SIIA again noted that due to Defendant's failure to respond within 30 days, the Requests for Admission were effectively admitted. Counsel for Adobe and SIIA further noted that if responses were not received immediately, or in any event no later than

---

[1] Adobe and SIIA attempted to file this joint discovery letter on or about February 17, 2012, pursuant to L.R. 37-3. On that date, however, counsel for Adobe and SIIA encountered a notice indicating that ECF would unavailable from February 17, 2012, through February 20, 2012, and was unable to access the system to file. Counsel emailed Defendant informing her of the delay in filing, and Adobe and SIIA now submit this letter as soon as feasibly possible.

January 25, 2012, Adobe and SIIA would file a motion with the Court, seeking an order to compel, default, and/or other sanctions. Despite this two-week concession and more than two months from the date on which discovery was originally served, Defendant produced deficient responses to the Interrogatories and no responses to the Requests for Production of Documents.

Defendant's failure to participate in discovery is yet another instance in a long string of failures to abide by the Court's rules, orders and deadlines. Defendant's previous counsel sought leave from the Court to withdraw as counsel due to Defendant's failure to participate or pay for his services. Defendant failed to file any response to her previous counsel's motion and did not appear at the hearing. Defendant also failed to appear for a scheduled ADR conference call on June 14, 2011. Additionally, in response to Adobe's and SIIA's motion to dismiss certain of Defendant's counterclaims, Defendant failed to file any opposition or other response, resulting in the dismissal and/or modification of a number of her counterclaims.

In light of all of Defendant's failures to participate, Adobe and SIIA filed a Request for Order to Show Cause on or about July 20, 2011. On or about July 26, 2011, the Court issued an Order to Show Cause ("OSC"), requiring Defendant to file a written response no later than August 8, 2012. Yet again, Defendant failed to comply with the Court's order and filed no response to the OSC. However, Defendant then appeared at the Case Management Conference on August 12, 2011, and the Court simply continued certain pre-trial dates, although never officially discharging the OSC.

Following the CMC, Adobe and SIIA began attempting to set Defendant's deposition for October 2011 and requested dates on which Defendant was available, pursuant to L.R. 30-1. Despite several follow-up attempts to find a mutually agreeable date, Defendant refused to provide any dates on which she was available for her deposition, and so on or about December 1, 2011, Adobe and SIIA set Defendant's deposition for December 20, 2011, which was later continued to January 11, 2012.

Additionally, Defendant failed to adequately participate in the Court-ordered mediation proceedings. The mediation was scheduled for December 5, 2011, and the procedures were thoroughly discussed with Defendant. Adobe and SIIA submitted their mediation statement with all exhibits on November 28, 2011, per ADR L.R. 6-7. Defendant, however, did not submit a mediation statement. After many follow-ups from both the mediator and counsel for Adobe and SIIA, Defendant finally submitted a mediation statement on or about December 1, 2011. Although Defendant's mediation statement referenced several exhibits, she **never** provided any of these exhibits to Adobe or SIIA, despite several follow-ups again from counsel.

Moreover, when the Court held a further Case Management Conference on December 9, 2011, Defendant once more failed to appear. The Court, however, did not penalize Defendant in any way for her failure to participate yet again in this litigation.

Finally, on January 11, 2012, Adobe and SIIA took the deposition of Defendant. Defendant arrived approximately **one hour** late, despite notice of the time the deposition was to

take place. Further, during the course of the deposition, Defendant routinely contradicted herself (including denying ownership of the website located at powerkeg.net until presented with evidence linking her to the website), refused to answer questions, or stated she didn't know the answer to questions that were directly relevant to the litigation and could have been answered with even a modicum of preparation. Among the questions that Defendant refused or failed to answer were questions relating to any evidence she may have in support of her counterclaims.

At this juncture, Adobe and SIIA cannot adequately defend Defendant's counterclaims, let alone pursue Adobe's own claims, if Defendant refuses to provide any discovery or any real substantiation at all. Accordingly, Adobe and SIIA seek an order striking Defendant's Answer and dismissing the remaining Counterclaims due to Defendant's ongoing defaults – discovery and otherwise. Alternatively, Adobe and SIIA seek an order acknowledging that Adobe's and SIIA's Requests for Admission are deemed admitted by Defendant and compelling Defendant's answers to Adobe's and SIIA's Requests for Production.

Very truly yours,

J. Andrew Coombs,
A Professional Corporation

*Nicole L. Drey*

By: Nicole L. Drey
Counsel for Plaintiff Adobe Systems Incorporated

NLD/bm

cc: Renee Norwood (*via First Class Mail and eMail*)

## PROOF OF SERVICE

I, the undersigned, certify and declare that I am over the age of 18 years, employed in the County of Los Angeles, and not a party to the above-entitled cause. I am employed by a member of the Bar of the United States District Court of California. My business address is 517 East Wilson Avenue, Suite 202, Glendale, California 91206.

On February 21, 2012, I served:

- PLAINTIFF'S DISCOVERY LETTER SUBMITTED PURSUANT TO JUDGE'S STANDING ORDER OF OCTOBER 26, 2011

for the following civil action:

<u>Adobe Systems Incorporated v. R. Norwood, et al.</u>

on the following interested parties in this action:

> Renee Norwood
> 1653 Roywood Dr
> Lancaster, CA 93535
> *jaybynum@adelphia.net*
> *computer_quick@adelphia.net*

by placing a true and correct copy thereof in an envelope to be immediately sealed thereafter. I am readily familiar with the office's practice of collecting and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Glendale, California, in the ordinary course of business. I am aware that on motion of the party served, service may be presumed invalid if the postal cancellation date or postage meter is more than one day after the date of deposit for mailing in affidavit.

Place of Mailing: Glendale, California.
Executed on February 21, 2012, at Glendale, California.

_____
Katrina Bartolome